IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN WHITE, | : | |
|     Plaintiff | : | No. 1:19-cv-00325 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| FEDEX CORPORATION | : | |
| FEDEX SUPPLY CHAIN, INC., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is the motion to dismiss Plaintiff Christian White ("Plaintiff")'s complaint, filed by Defendants FedEx Corporation and FedEx Supply Chain, Inc. ("Defendants"). (Doc. No. 5.) For the reasons that follow, the motion will be granted.

**I.     BACKGROUND**

    **A.     Procedural Background**

Plaintiff initiated the above-captioned action against Defendants by filing a complaint in this Court on February 25, 2019. (Doc. No. 1.) The complaint alleges unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq., as well as a state law claim for wrongful discharge in violation of public policy. (Id.) On May 1, 2019, Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 5), along with a brief in support (Doc. No. 6). Plaintiff filed a brief in opposition on May 4, 2019 (Doc. No. 8), to which Defendants filed a brief in reply on May 20, 2019 (Doc. No. 9). Accordingly, the motion has been fully briefed and is ripe for disposition.

**B.     Factual Background[1]**

Plaintiff was employed by Defendants as an Assistant General Manager ("AGM") from July 18, 2016 to August 22, 2018. (Doc. No. 1 ¶ 5.) During the course of his employment, Plaintiff began to suspect that two supervisors were engaged in activities that could negatively impact Defendants' assets. (Id. ¶ 8.) Interpreting company policy to require background checks on individuals suspected of violating company policy or engaging in acts that may harm the company, Plaintiff conducted a public records search of the two supervisors on his home computer. (Id. ¶¶ 10-12.) Upon discovering that the two supervisors had a criminal background history, Plaintiff reported his findings and concerns that the supervisors may have been engaged in criminal activity to Noel Alvarez ("Alvarez"), Security Specialist at FedEx, on August 13, 2018. (Id. ¶¶ 14-15.) Following a more in-depth background check, Plaintiff and Alvarez brought the information from their investigation to Human Resources. (Id. ¶¶ 16-17.)

The following day, after Plaintiff arrived at work, Senior Manager Vince Woolgar ("Woolgar") called Plaintiff into a conference room and suspended him. (Id. ¶ 18.) Plaintiff was not given a reason for the suspension at the time. (Id. ¶ 19.) On August 22, 2018, General Manager Jan Kauffman ("Kauffman") terminated Plaintiff's employment for the stated reason of "conducting an unauthorized background check." (Id. ¶ 20.) While Plaintiff readily admits to having conducted the background check, he asserts that younger managers were not disciplined or fired for serious violations of company policy and that he was replaced by a younger manager with less experience. (Id. ¶¶ 25-27.) Plaintiff has not provided any additional facts to support these assertions. Plaintiff further asserts that his suspension and termination were due to an

---

[1] Unless otherwise noted, the following factual background is taken from the allegations of Plaintiff's complaint. (Doc. No. 1.)

internal cover-up of criminal activity and for his reports of the same. (Id. ¶ 24.) Subsequent to his termination, Plaintiff dual-filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"). (Id. ¶ 29.) He received a right to sue letter dated February 15, 2019. (Id.)

## II. STANDARD OF REVIEW

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court need not accept legal conclusions set forth as factual allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Consistent with the Supreme Court's ruling in Twombly, and Ibqal, the Third Circuit has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted). A complaint is properly

3

dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

## III. DISCUSSION

As noted above, Plaintiff's complaint asserts both state and federal age discrimination claims as well as a state law claim for wrongful discharge in violation of public policy. The Court first addresses Plaintiff's age discrimination claims.

### A. Defendants' Motion to Dismiss Plaintiff's ADEA/PHRA Claims

Defendants move to dismiss Plaintiff's ADEA and PHRA claims on the grounds that the complaint fails to allege sufficient facts to support a plausible age discrimination claim. In the Third Circuit, the elements of a prima facie case for age discrimination under the ADEA are that:

> (1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive.

Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015) (citing Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013)). Where a plaintiff is not directly replaced, the fourth element is also satisfied if the plaintiff can establish he was treated less favorably than "similarly situated, younger employees." See Popko v. Penn State Milton S. Hershey Med. Ctr., No. 1:13-CV-01845, 2014 WL 3508077, at *7 (M.D. Pa. July 14, 2014) (citing Monaco v. Am. Gen. Assurance Co., 359 F. 3d 296, 300 (3d Cir. 2004)). The same analysis is used for PHRA claims. See Willis, 808 F.3d at 643. To survive a motion to dismiss in an employment discrimination context, a complaint must present factual allegations that would "raise a

4

reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the prima facie case. See Phillips, 515 F.3d at 234.

Defendants do not contest that Plaintiff sufficiently alleges the first three elements to establish a prima facie case of age discrimination. (Doc. No. 6 at 5.) Defendants instead argue Plaintiff's complaint is deficient with respect to the fourth element where "Plaintiff's allegations pertaining to his age discrimination claim are conclusory only." (Id.) The Court finds Defendants' arguments persuasive. In the present case, Plaintiff alleges that "on information and belief" he was replaced by a "substantially younger person." (Doc. No. 1 ¶ 39.) Plaintiff further alleges that younger managers were not disciplined or fired for serious violations of company policy. (Id. ¶¶ 26, 38.) However, Plaintiff does not provide any additional facts to support these allegations.

Regarding Plaintiff's assertion that he was replaced by a substantially younger person, courts presented with similarly bare allegations have found them insufficient to state a claim under the ADEA. See Hause v. City of Sunbury, No. 1:17-CV-2234, 2019 WL 1493178, at *7 (M.D. Pa. Mar. 31, 2019) (holding that plaintiff's assertion he was replaced by "part-time personnel under the age of 40" was insufficient to permit a reasonable inference of age discrimination); Andras v. Borough of Laceyville, No. 3:14-CV-2094, 2015 WL 4488359, at *5 (M.D. Pa. July 23, 2015) (holding that the mere assertion that plaintiff was replaced by a younger employee was insufficient to establish a prima facie case where the complaint failed to identify plaintiff's replacement or allege the replacement's age); Foster v. Humane Soc. of Rochester & Monroe Cty., Inc., 724 F. Supp. 2d 382, 391 (W.D.N.Y. 2010) (holding that plaintiff's allegation that she was "replaced by a woman in her early thirties" was insufficient to state a claim for relief under the ADEA); Mandengue v. ADT Sec. Sys., Inc., No. 09-3103, 2010 WL 2365463, at

5

*5 (D. Md. June 4, 2010) (holding that the conclusory assertion that "upon information and belief, a significantly younger employee replaced Plaintiff" was insufficient to state a claim for relief). The Court, therefore, concludes that Plaintiff fails to allege sufficient factual matter to establish that Defendants replaced Plaintiff with an employee sufficiently younger to permit a reasonable inference of age discrimination on that ground.

Plaintiff's allegation that younger managers were not disciplined for serious violations of company policy is similarly lacking in factual support. Plaintiff does not indicate, for example, which younger managers were treated more favorably, what company policies those managers allegedly violated for which they were not disciplined, or any other information that would allow the Court to determine whether younger individuals were similarly situated to Plaintiff such that differential discipline would give rise to an inference of age discrimination. Compare McDonald v. SEIU Healthcare Pa., No. 1:13-CV-2555, 2014 WL 4672493, at *11 (M.D. Pa. Sept. 18, 2014) (holding that because plaintiff alleged no facts in support of allegations that younger employees were treated more favorably, the allegations were merely legal conclusions), with Popko, 2014 WL 3508077, at *7 (denying a motion to dismiss where the plaintiff alleged specific facts related to the actions of an identified younger employee who was not disciplined for similar conduct); see also Hobson v. St. Luke's Hosp., No. 08-CV-05652, 2009 WL 3125513, at *4 (E.D. Pa. Sept. 28, 2009) (holding that without more information, allegations that female employees were treated more favorably in a Title VII case were nothing more than "bald assertions"). For the foregoing reasons, the Court will dismiss Plaintiff's ADEA/PHRA claims without prejudice and

will grant Plaintiff leave to file an amended complaint alleging specific facts and circumstances in support of his claim for age discrimination that corrects the deficiencies identified herein.[2]

### B. Defendants' Motion to Dismiss Plaintiff's Claim of Wrongful Discharge in Violation of Public Policy

In the context of an employment-at-will relationship, Pennsylvania courts have long recognized that an employer may terminate an employee for any reason absent a contractual or statutory provision to the contrary. See McLaughlin v. Gastrointestinal Specialists, Inc., A.2d 283, 286 (Pa. 2000). Exceptions to this rule have been recognized in only the most limited of circumstances where discharges of at-will employees would threaten a "clear mandate of public policy." See Weaver v. Harpster, 975 A.2d 555, 563 (Pa. 2009). A clear mandate of public policy will be found only where "[a] given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in so declaring." See Shick v. Shirey, 716 A.2d 1231, 1235-36 (Pa. 1998) (quoting Mamlin v. Genoe, 17 A.2d 407, 409 (Pa. 1941)). Although the boundaries of the public policy exception have not been explicitly defined, its application has been largely limited to circumstances where an employer: "(1) compels the employee to engage in criminal activity; (2) prevents the employee from complying with a duty imposed by statute; or (3) discharges the employee when a statute expressly prohibits such termination." Zorek v.

---

[2] When a complaint is vulnerable to 12(b)(6) dismissal due to a deficiency, a district court must allow an amendment, "unless an amendment would be inequitable or futile." See Phillips, 515 F.3d at 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999)). It is possible that Plaintiff could provide additional facts in support of his age discrimination claims in an amended complaint that would survive a subsequent motion to dismiss. Therefore, an amendment would not necessarily be futile and will be allowed.

CVS Caremark Corp., No. 1:13-CV-1949, 2014 WL 12487695, at *3 (M.D. Pa. Apr. 16, 2014). In further clarifying the first application of this exception, the Third Circuit has held that an at-will employee has no recovery for wrongful discharge "when he merely believes that the act he objected to was illegal." Clark v. Modern Grp. Ltd., 9 F.3d 321, 330 (3d Cir. 1993).

Plaintiff alleges that he was suspended and terminated for reporting what he believed to be "illegal activities in the workplace" (Doc. No. 1 ¶ 48.), or, in the alternative, for refusing to engage in conduct prohibited by law. (Doc. No. 1 ¶ 51.) Notably, plaintiff fails to identify any law he believed himself to be upholding at the time he conducted background checks on other employees and made internal reports of his findings. Nor does Plaintiff clarify what allegedly illegal conduct he refused to engage in that might bring his circumstances within the scope of the public policy exception. Furthermore, Plaintiff fails to identify any case or other legal authority that would support a finding of an identified public policy mandate under these facts and fails to distinguish the wealth of jurisprudence directly contrary to his position. See Weaver, 975 A.2d at 564 (collecting cases); Donahue v. Fed. Exp. Corp., 753 A.2d 238, 244 (Pa. Super. Ct. 2000) (noting Pennsylvania courts have "repeatedly rejected claims that a private employer violated public policy by firing an employee for whistleblowing, when the employee was under no legal duty to report the acts at issue"); Spierling v. First Am. Home Health Servs., Inc., 737 A.2d 1250, 1254 (Pa. Super. Ct. 1999) (rejecting the wrongful discharge claim of a nurse because she had no legal duty to expose and report past Medicare fraud); Hennessy v. Santiago, 708 A.2d 1269, 1273-4 (Pa. Super. Ct. 1998) (finding that where a mental-healthcare worker was not required to affirmatively report the suspected rape of a patient, her subsequent termination was not illegal). Absent an articulated public policy mandate, there can be no claim for wrongful discharge under Pennsylvania law. For the foregoing reasons, the Court will dismiss Plaintiff's

wrongful discharge claim without prejudice and will grant Plaintiff leave to file an amended complaint alleging specific facts and circumstances in support of his claim that corrects the deficiencies identified herein.[3]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 5) will be granted. An Order consistent with this Memorandum follows.

---

[3] Plaintiff fails to allege sufficient facts to maintain a wrongful discharge claim at this juncture; however, Plaintiff does allege, albeit in a conclusory fashion, that his termination was the result of a refusal to engage in conduct prohibited by law. (Doc. No. 1 ¶ 51.) If Plaintiff sets forth additional facts clarifying what specific illegal conduct he refused to engage in, therefore placing his claim within an identified public policy exception, it may be possible for an amended complaint to survive a motion to dismiss. For this reason, the Court determines an amendment would not necessarily be futile and should be allowed.