## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTIAN WHITE, : Civil No. 1:19-CV-00325
 :
  Plaintiff, :
 :
  v. :
 :
FEDEX SUPPLY CHAIN, INC., :
 :
  Defendant. : Judge Jennifer P. Wilson

### MEMORANDUM

Before the court is Defendant FedEx Supply Chain, Inc.'s ("FedEx") unopposed motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 35.) The court finds that involuntary dismissal is appropriate in this case due to the failure of Plaintiff Christian White ("White") to prosecute his case, the prejudice to FedEx, White's history of dilatoriness, the willfulness of White's actions, and the ineffectiveness of non-dismissal sanctions. For the reasons that follow, the court will grant FedEx's motion to dismiss for lack of prosecution with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2019, Plaintiff Christian White ("White") filed a complaint alleging violations of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act as well as wrongful discharge. (Doc. 1.) On May 1, 2019, FedEx responded with a motion to dismiss and supporting brief.

(Docs. 5, 6.)  The court dismissed White's complaint without prejudice on October 11, 2019.  (Doc. 11.)  With the court's permission, White filed an amended complaint on October 31, 2019.  (Doc. 14.)  FedEx filed its answer on November 14, 2019.  (Doc. 15.)  This case was then reassigned to the undersigned.  On January 8, 2020, the court entered a case management order which established certain case deadlines.  (Doc. 20.)  The parties conducted written discovery and FedEx attempted to coordinate with White's counsel to schedule White's deposition.  (Doc. 36, p. 2.)[1]  White's counsel responded to FedEx's written discovery requests on or about March 30, 2020.  (Doc. 28, p. 3.)

Because of the COVID-19 pandemic, the parties requested an extension of the case deadlines.  On May 27, 2020 the court entered an order extending all case management deadlines by ninety days.  (Doc. 27.)  During the conference call to address the case management deadlines, White's counsel, Jeffrey Donham ("Attorney Donham") of Donham Law, notified the court that he was having difficulty contacting White.  (Doc. 28, p. 3.)  Donham had, to that point, represented White in this matter since the inception of his case.  (*Id.* at 4.)  Attorney Donham stated that his last contact with White was on March 17, 2020, when White verified his discovery responses and represented that he would produce documents in the future and remain in contact regarding the case.  (*Id.* at

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

3.)  However, White failed to respond to numerous attempts to contact him, including at least five phone calls and texts and three emails from Donham Law. (*Id.* at 4.)  Attorney Donham informed White by certified mail, receipt of which was confirmed, that Donham Law needed to hear from White before the May 27, 2020 telephone conference with the court or Attorney Donham would seek withdrawal.  (*Id.*)  White did not respond to this letter.  (*Id.*)  Attorney Donham again attempted to contact White on June 7, 2020 advising White that if he did not respond, he would need to locate new counsel for this matter.  (*Id.* at 5.)  White did not respond, prompting Attorney Donham to file his motion to withdraw on June 10, 2020.  (*Id.*)

The court granted Attorney Donham's motion on June 11, 2020.  (Doc. 30.) The court ordered White to either retain new counsel or file a notice of his intent to proceed *pro se* within 21 days of being served.  (*Id.*)  The order also informed White that the court would schedule a status conference upon receiving a notice filed by White, the filing of an entry of appearance by replacement counsel, or after expiration of the 21-day deadline.  (*Id.* at 2.)  Attorney Donham verified that he served the court's order on an adult family member of White on June 25, 2020. (Doc. 31.)  To date, White has neither retained new counsel nor filed a notice of intent to proceed *pro se*.

On August 11, 2020, the court held a telephone status conference.  Despite the court notifying White of the status conference, White did not appear by phone for the conference nor reach out to the court or defense counsel.  (Doc. 34, p. 2.) The court attempted to contact White during the conference using the phone number provided in his initial disclosures.  White never provided any other phone number to the court or defense counsel.  The court was unable to reach White or verify that this was his correct phone number, but was able to leave a voicemail containing the court and defense counsel's phone numbers and requesting a response from White.  White failed to respond to the court's request.

Following White's failure to appear, the court granted FedEx leave to file a motion to dismiss for failure to prosecute.  (*Id.*)  FedEx filed the instant motion to dismiss for failure to prosecute and a supporting brief on September 3, 2020. (Docs. 35, 36.)  White has not responded to FedEx's motion, and the court will therefore treat this motion as unopposed.

## JURISDICTION AND VENUE

The court has jurisdiction under 28 U.S.C. § 1331, as this case arises under the federal Age Discrimination in Employment Act ("ADEA").  The court also has supplemental jurisdiction under 28 U.S.C. § 1367 over White's substantially related state law wrongful discharge claim.  Venue in the Middle District of

Pennsylvania is appropriate under 28 U.S.C. § 1391(b)(2) as the actions alleged

occurred within this District.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure allow a court to dismiss a case for

failure to prosecute or comply with court orders.  Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court
> order, a defendant may move to dismiss the action or any claim against
> it.  Unless the dismissal order states otherwise, a dismissal under this
> subdivision (b) and any dismissal not under this rule . . . operates as an
> adjudication on the merits.

Fed. R. Civ. P. 41(b). The decision to dismiss a case for failure to comply with

court orders or prosecute is within the discretion of the court.  *See, e.g.*, *Curtis T.*

*Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988)

(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642

(1976)).

Additionally, the local rules of the Middle District of Pennsylvania allow the

court, in its sound direction, to impose sanctions up to dismissal for failure to

comply with court rules or orders.  Local Rule 83.3 provides that:

> In the sound discretion of any judge of this court, after notice and an
> opportunity to be heard, one or more of the following sanctions may be
> imposed for failure to comply with any rule or order of court . . . Failure
> of counsel for any party to appear before the court at any case
> management conference . . . or otherwise to comply with any of the
> rules contained herein, or any order of court, maybe considered an
> abandonment or failure to prosecute or defend diligently, and . . .

judgment[] may be entered against the defaulting party either with respect to a specific issue or on the entire case.

M.D. Pa. L.R. 83.3.1(a).

### DISCUSSION

FedEx asks the court to dismiss this case based on White's failure to prosecute, White's repeated failures to timely respond to court orders, and White's failure to communicate with the court or previous counsel. Specifically, FedEx emphasizes White's failure to respond to Attorney Donham, leading to Attorney Donham's withdrawal, White's failure to retain other counsel or proceed *pro se*, White's failure to participate in the August 11, 2020 status conference, and White's absolute lack of communication with the court, prior counsel, or opposing counsel since March 2020.

Generally, dismissal by the court is proper "[f]or failure of the plaintiff to prosecute or to comply with [the] rules or any order of court, [and where] a defendant [moves] for dismissal of an action or of any claim against the defendant." *Kegolis v. Borough of Shenandoah*, No, 03-cv-0602, 2006 U.S. Dist. LEXIS 59258, at *3 (M.D. Pa. Aug. 15, 2006). Dismissal of an action is an "extreme sanction [which is] reserved for the instances in which it is justly merited." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). Thus, a district court should "provide the plaintiff with an opportunity to explain his

reasons for failing to prosecute the case or comply with its orders prior to dismissing a case." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

When deciding whether to dismiss a case for failure to prosecute, the court must balance the following factors set forth in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling  orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether  the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).  No single factor is dispositive, and "[e]ach factor need not be satisfied for the [] court to dismiss a claim." *Ware*, 322 F.3d at 221.  Here, the court finds that every *Poulis* factor either weighs in favor of dismissal or is neutral.  Accordingly, the court will grant FedEx's motion for dismissal for failure to prosecute and dismiss White's case with prejudice.  The court will discuss each factor in turn.

### A. Extent of the Party's Personal Responsibility

This factor seeks to hold parties personally responsible for their own actions, not merely the actions of their counsel.  *Adams v. Trustees of the N.J. Brewery Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994).  To determine if dismissal is proper, a court should "look to whether the party bears personal responsibility for

the action or inaction that lead to the dismissal." *Id.* If a party is proceeding
without counsel, the party is responsible for his own compliance with court orders.
*Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) ("a *pro se* litigant is
responsible for his failure to comply with court orders.").

Here, White is personally responsible for his failure to follow court orders
and participate in litigation since the date his counsel was permitted to withdraw.
White's prior counsel dutifully responded to court orders and met deadlines until
White stopped communicating with his counsel after March 17, 2020. (Doc. 28, p.
3.) White's failure to communicate forced his counsel to request permission to
withdraw from representation. (Doc. 28.) As such, White is now proceeding *pro
se* and is responsible for his failure to advance his case, including his failures to
file a notice of intent to proceed *pro se*, attend the August 11, 2020 status
conference, and answer the communication from the court. White's lack of
communication forced his counsel to withdraw; White's continued silence is solely
his own fault. Thus, factor one weighs in favor of dismissal.

### B. Prejudice to the Adversary

The second factor requires the court to determine if the delaying party's
actions caused prejudice to its adversary. The second factor is an important factor
since "evidence of prejudice [] bear[s] substantial weight in support of a dismissal
or default judgement." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (citing

*Adams*, 29 F.3d at 873–74).  Prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe*, 538 F.3d at 259.  Prejudice is not limited to "irremediable" or "irreparable" harm.  *Id.* Further, prejudice extends beyond loss of evidence and costs to the adversary and incorporates "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  *Id.*  Examples of prejudice also include "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams*, 29 F.3d at 874.

Here, FedEx has suffered prejudice from White's actions.  White's failure to advance his case means it has been 19 months since White filed his first complaint (which arises from events that occurred in 2018).  This lapse in time obviously leads to some dimming of witnesses' memories and impedes discovery.  More importantly, White's failure to communicate and advance this case has prevented FedEx from clarifying incomplete or inadequate written discovery responses. (Doc. 36, p. 7.)  Further, White's lack of communication has prevented scheduling future discovery such as White's deposition.  White's failure to participate in the discovery process restricts FedEx's access to essential information necessary to

prepare its defense strategy.  Accordingly, FedEx has suffered prejudice, and the second factor weighs in favor of dismissal.

### C. History of Dilatoriness

Generally, "extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 252, 260 (citing *Adams*, 29 F.3d at 874).  The dilatory conduct must occur more than one or two times. *Id.* at 261.  Further, the court must examine a party's dilatory actions "in light of [the party's] behavior over the course of the case." *Id.*  For example, the Third Circuit has found that numerous requests for stays and failure to comply with multiple deadlines constitutes a history of dilatoriness. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)

Here, White's behavior demonstrates a continued pattern of dilatoriness. Starting on March 17, 2020, White cut all contact with his attorney, ignoring at least nine attempted contacts from his attorney.  White's dilatory behavior forced his attorney to withdraw.  Additionally, White ignored multiple court orders and deadlines.  White failed to respond to the court's order to retain new counsel or file a notice to appear *pro se*.  Even with notice, White neither attended the mandatory August 11, 2020 status conference nor responded to the court's attempts to contact him during the status conference.  White's failures halted the progress of this case.

Accordingly, the court finds that White's behavior constitutes a history of dilatoriness and finds that the third factor weighs in favor of dismissal.

### D. Whether the Conduct of the Party or the Attorney was Willful or in Bad Faith

For this factor to weigh in favor of dismissal, the conduct in question must be "willful and not merely negligent or inadvertent." *Emerson*, 296 F.3d at 191. Willfulness typically involves "intentional or self-serving behavior." *Briscoe*, 538 F.3d at 262 (citing *Adams*, 29 F.3d at 875). A party's tardy response to a court order without excuse is not necessarily willful. *Adams*, 29 F.3d at 875. However, courts within the Third Circuit have found that when a party fails to take specific actions in response to a direct court order, the court should conclude that "the [party's] actions are not accidental or inadvertent but instead reflect an intentional disregard for [the] case and the [c]ourt's instructions." *See, e.g.*, *Breeland v. Doll*, No. 3:11-CV-1415, 2012 U.S. Dist. LEXIS 57818, at *14 (M.D. Pa. Mar. 21, 2012). Further, this court previously found that a party's failure to respond to a direct order from the court and subsequent failure to explain its conduct was likely willful. *Barkhorn v. Estate of Shiley*, No, 18-cv-2173, 2020 U.S. Dist. LEXIS 123355, at *13 (M.D. Pa. Jul. 14, 2020).

Here, White completely ceased all communication with the court, his own attorney, and defense counsel. While White's silence certainly does not seem to be part of some grand litigation strategy, the sheer number of attempts to contact

11

White points towards intentional behavior as White ignored at least nine contact attempts through mail, text, email, and phone from his prior counsel. White also failed to respond to two court orders – one directing him to find new counsel or proceed *pro se* and one directing him to attend the August 11, 2020 status conference. White failed to respond to court orders and ignored the opportunity to explain his actions. Because White's behavior appears to be intentional, the fourth factor weighs in favor of dismissal.

### E. Effectiveness of Sanctions Other Than Dismissal

Dismissal of a case is an "extreme" sanction. *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 (3d Cir. 1982). Accordingly, the court must analyze whether other sanctions would "better serve the interests of justice." *Id.* The sanctions must "be effective toward mitigating the prejudice caused by dilatory behavior or delinquency.*" Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 136 (3d Cir. 2019). However, the effectiveness of non-dismissal sanctions may be limited when a party proceeds *pro se*. The Third Circuit has concluded that "where a plaintiff is proceeding *pro se* . . . no alternative sanctions exist[] because monetary sanctions, including attorney's fees, 'w[ill] not be an effective alternative.'" *Briscoe*, 538 F.3d at 262–63 (citing *Emerson*, 296 F.3d at 191). Moreover, "when a [party] fails to prosecute his action, outside of dismissal of the action, the [c]ourt cannot envision a sanction that would be appropriate." *Id.* at 262.

Here, dismissal is appropriate because White currently has no counsel and monetary sanctions imposed on White himself would likely not be effective. Additionally, prolonging the case through additional court orders which require White's compliance will likely not work as White has repeatedly shown he will not follow court orders. White has also already suffered alternative sanctions in this case when the court granted his counsel's motion for withdrawal, yet this sanction did not change White's behavior. Accordingly, no sanction but dismissal is appropriate. The fifth factor therefore weighs in favor of dismissal.

### F.  Meritoriousness of the Claim

The sixth and final factor analyzes the meritoriousness of a claim using a "moderate" Rule 12(b)(6) standard. *Adams*, 29 F.3d at 877. A claim or defense "will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* (citing *Poulis*, 747 F.2d 869–870). Further, "when a plaintiff makes out a prima facie case, but the defendant raises a prima facie defense, the factor may not weigh in favor of the plaintiff." *Adams*, 29 F.3d at 877–878. In this situation the "meritoriousness factor is neutral and not dispositive." *Emerson*, 296 F.3d at 191.

Here, White pleads a prima facie case for age discrimination and wrongful discharge. (Doc. 14.) FedEx raises a prima facie defense, challenging the facts in the amended complaint and alleging that White failed to reasonably mitigate any

potential damages.  (Doc. 15.)  The respective pleadings proffer a facially valid claim and defense.  Accordingly, the sixth factor is neutral.

### G. Balancing the *Poulis* Factors

No single factor is dispositive, and "[e]ach factor need not be satisfied for the [] court to dismiss a claim."  *Ware*, 322 F.3d at 221.  As explained through this opinion, five of the six *Poulis* factors favor dismissal.  The only factor that does not support dismissal, the sixth, is merely neutral.   Accordingly, balancing the *Poulis* factors, the court concludes that dismissal with prejudice is proper.

CONCLUSION

For the foregoing reasons, FedEx's motion will be granted and this case will be dismissed with prejudice.  An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 3, 2020